IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES LINDELL McWHIRT,<br>Register No. 1061089, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 06-4182-CV-C-SOW |
| JOEL PUTNAM, et al., | )<br>)<br>) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff alleges defendants were deliberately indifferent to his serious medical need for mental health treatment and medication while he was at Reality House in Columbia, Missouri, and that his parole officer, defendant Cowin, made false statements against him.

Defendant Cowin[1] seeks dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that plaintiff failed to state a claim against her and she is entitled to qualified immunity. Plaintiff responded in opposition to the motion, and also filed a motion to amend his complaint. Defendant replied and plaintiff filed a surreply.[2]

**Legal Standard**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

---

[1]Although there are other defendants in this action, the motion was filed only on behalf of defendant Cowin, and thus, reference in this recommendation to defendant is to defendant Cowin.

[2]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

**Discussion**

*Deliberate Indifference to Serious Medical Needs*

Plaintiff, who qualified for Social Security disability benefits for a period of time, has a mental health condition requiring medication. He was paroled to a halfway house and sought medical and mental health treatment. He suggests he was paroled without the proper medications and that his condition was deteriorating. He states he arrived at Reality House on September 1, 2005, and had an appointment on September 8 with University Behavior Health. When he went to the appointment, it was for an evaluation rather than a consultation or treatment with a psychiatrist. He believed he needed prompt treatment because he was not receiving the correct medications. He said he was "bouncing off the walls."

Personnel at the health clinic told him they did not have a psychiatrist with an available appointment, and so he could not be seen immediately except for the scheduled evaluation. In an attempt to assist plaintiff, they called Arthur Center in Mexico, Missouri, where he had been treated previously, and learned that if plaintiff could come to Mexico, he could be seen by a psychiatrist. Plaintiff followed instructions and returned to Reality House, where he met with Joel Putnam, Tracy Cowin and Stephana Landwehr. Those defendants told plaintiff he could not go to Mexico to the Arthur Center.

On September 20, 2005, plaintiff had an appointment for outpatient counseling, which he attended without any complications. On the 26th, he visited with his mother, who told him she was concerned about his health because he was so hyper and nervous. The following day, he told his caseworker at Reality House that he needed to see a doctor or go to the hospital. When she told him no, he called 911 and requested an ambulance. He was taken to University Hospital and a physician prescribed two medications. When plaintiff returned to Reality House, he realized he had left his prescriptions at the hospital. Someone picked them up for him, but did not have them filled.

That afternoon, Joel Putnam told plaintiff he was being released from Reality House the following day, on the 27th, because his bed was needed. The day after his discharge, he was arrested on a felony charge. On September 30, defendant Cowin issued a parole warrant based on the charge. Although plaintiff does not challenge the issuance of the warrant, he claims the parole violation report included numerous false statements.

2

In an amendment to the complaint, plaintiff states in a conclusory fashion that defendant denied him medical care and also told him he was being released from Reality House because he had left the facility to go to the hospital.

In essence, plaintiff claims defendant denied him needed medical care when she participated in the decision to deny him permission to go to Arthur Center and otherwise interfered with his right to obtain timely treatment for what he considered to be an acute situation. Giving plaintiff's complaint a liberal construction at this stage of the proceedings, and noting that he claims a diagnosed disability related to his mental health, plaintiff has stated a claim against defendant for deliberate indifference to a serious medical need. See Jones v. Moore, 986 F.2d 251, 253 (8th Cir. 1993) (parolee stated a claim against parole officer for interference with attempts to receive medical care at a halfway house). Accordingly, defendant's motion to dismiss will be recommended denied on this claim.

*False Statements on the Parole Revocation Report*

Plaintiff also claims defendant Cowin wrote false statements in the parole violation report. He asserts defendant stated plaintiff had numerous parole violations while at Reality House, but the truth is that he only had one. He acknowledges his parole would have been revoked without the false statements because of the felony charge, and so does not challenge the revocation. Nevertheless, he claims the statements violated the Constitution and laws against making false statements on governmental documents.

Defendant asserts plaintiff failed to state a claim against her because the criminal perjury and false statement statutes do not provide for a private cause of action.

Plaintiff does not claim denial of due process at the parole revocation hearing or on any other basis related to the false statements. He fails to identify what constitutional right he alleges was violated, and has not identified a statute which creates a private right of action for making false statements. Further, the facts alleged do not show he suffered a compensable injury as a result of the statements.

To state a claim under 42 U.S.C. § 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Plaintiff has not asserted a deprivation of a federal right, and his false statements claim should be dismissed.

3

*Qualified Immunity*

Defendant also seeks dismissal of the claims against her on the basis of qualified immunity. Entitlement to qualified immunity is a question of law to be determined by the trial court. McIntosh v. Arkansas Republican Party, 856 F.2d 1185, 1186 (8th Cir. 1988); Warren v. City of Lincoln, 816 F.2d 1254 (8th Cir. 1987). Governmental employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). In Saucier v. Katz, 533 U.S. 194 (2001), the court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. at 201. The next step is to ask "whether the right was clearly established . . . in light of the specific context of the case." Id. The court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." Id. at 208.

Assuming the facts alleged by plaintiff are true, he has alleged the violation of a constitutional right. Plaintiff has stated that defendant denied him the opportunity to obtain necessary medical care in an acute or emergency situation. Further, in September 2005, plaintiff's right to such care was clearly established. Thus, defendant is not entitled to dismissal on the basis of qualified immunity.

Although plaintiff's deliberate indifference claims may not withstand a motion for summary judgment, if supported by the evidence, they are sufficient to allow him to proceed at this stage.

Also pending are plaintiff's motions for an extension of time to submit affidavits in response to the motion for summary judgment filed by other defendants, and his request for appointment of counsel. After consideration, it is

ORDERED that plaintiff is granted an extension of time until February 19, 2008, to supplement his response to the pending motion for summary judgment. [53] It is further

ORDERED that plaintiff's motion of January 11, 2008, for appointment of counsel is denied, without prejudice, for the reasons set forth in prior orders of the court. [73] It is further

ORDERED that plaintiff is granted leave to file his proposed amendment to the complaint, which was attached to document 42. It is further

RECOMMENDED that defendant Cowin's motion of August 15, 2007, to dismiss be granted on plaintiff's claim for false statements and denied on all other issues. [32]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 28th day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge