IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES LINDELL McWHIRT, ) | |
| Register No. 1061089, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4182-CV-C-SOW |
| ) | |
| JOEL PUTNAM, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff James McWhirt asserts defendants were deliberately indifferent to his serious medical needs for approximately one month while he was at Reality House in Columbia, Missouri. McWhirt states he needed psychiatric treatment and medication, and that defendants either interfered with or prevented him from obtaining that treatment at the time he needed it. His claims were brought under 42 U.S.C. § 1983.

Defendants Joel Putnam, Michelle Thompson, Michael Princivalli and Stephana Landwehr, employees of Reality House, seek summary judgment, pursuant to Fed. R. Civ. P. 56, on the basis that they were not state actors.[1]

### Summary Judgment Standard

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

## Discussion

Defendants Putnam, Thompson, Princivalli and Landwehr were employees of Reality House Programs, Inc., at the time relevant to this lawsuit.[2] Reality House Programs, Inc., is a nonprofit community-based agency. Reality House is a halfway house for adults, including current and former federal and state inmates, parolees, and noninmates. It provides a residence and services to assist clients with the re-entry process, with the goal to assist them in becoming functioning members of society. Its programs are "designed to provide a continuum of counseling, substance abuse treatment and correctional services in a community setting. . . . Most [Reality House] residents pay for some or all of the costs of their services while at [Reality House]. The remaining costs are subsidized through state and federal funding as well as private donations." (Doc. 46 at 10-11.) Plaintiff McWhirt was not responsible for paying the fees associated with his stay at the facility because he was permanently disabled.

---

[2]Defendant Tracy Cowin was a state parole officer, and has not joined in the pending motion for summary judgment.

Reality House is subject to state regulation, but the State of Missouri is not involved in operating or implementing the programs. Thus, defendants assert they were not state actors, as required for liability, pursuant to 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The requirement that a defendant has acted "under color of state law" is a jurisdictional requisite for a section 1983 action. Polk County v. Dodson, 454 U.S. 312, 315 (1981).

The traditional definition of acting under color of state law requires the defendant to have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West, 487 U.S. at 49 (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Polk County, 454 U.S. at 317-18.

In Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 (1982), the Court made clear that if a defendant's conduct satisfies the state action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under section 1983." West, 487 U.S. at 49.

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the state . . . or by a person for whom the state is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Lugar, 457 U.S. at 937-38. The determination whether a party acted under color of state law is "necessarily a fact-bound inquiry," id. at 939, that requires the court to sift facts and weigh circumstances. Burton v. Wilmington Parking Authority, 365 U.S. 715, 722 (1961). See also Evans v. Newton, 382 U.S. 296, 299 (1966). "State employment is generally sufficient to render the defendant a state actor." Lugar, 457 U.S. at 936 n.18.

Three principles are commonly utilized in answering color of state law questions. Blum v. Yaretsky, 457 U.S. 991 (1982). First, state regulation is not dispositive unless there is also a "sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." Id. at 1004 (quoting

Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974)).  Second, "a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement . . . that the choice must in law be deemed to be that of the state."  Id.  Third, if a party has exercised powers or performed functions that are "traditionally the exclusive prerogative of the state," that conduct may be considered as performed under color of state law.  Id. at 1005.

Citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982), and Blum v. Yarestsky, 457 U.S. 991 (1982), the Eastern District of Missouri, in Graves v. Narcotics Service Counsel, Inc., 605 F. Supp. 1285 (1985), addressed the issue of whether the actions of the employees of a nonprofit corporation which served as a halfway house were taken under color of law, pursuant to 42 U.S.C. § 1983.  In that case, the plaintiff alleged defendants failed to properly treat him for his drug addiction and prematurely released him from the program.  A state judge had ordered the program as a condition of the plaintiff's probation.  The Eastern District concluded that there was not a sufficiently close nexus to establish that the defendants acted under color of state law.

The facts of this case are sufficiently close to Graves to convince the court that the defendants, who work for a private nonprofit community-based agency, did not act under color of state law.  Accordingly, they are not subject to liability for a suit brought pursuant to 42 U.S.C. § 1983.

In his response to defendants' motion, plaintiff argues there are genuine issues of material fact for trial.  Plaintiff's response addresses the specific facts of what occurred while he was at the halfway house, and not the issue of whether the defendants were state actors for purposes of the civil rights statute.  If the defendants were not acting under color of state law, the court does not review the facts alleged to have violated plaintiff's rights.  The Seventh Circuit case plaintiff cites is not analogous.

Plaintiff requests leave to amend his complaint to add a party who has been unwilling to provide information to plaintiff.  Plaintiff's request is untimely, does not include his proposed amendment, and does not set forth any facts which would show the proposed new defendant acted in any way which would have violated plaintiff's constitutional or federal statutory rights.  Thus, amendment is not warranted.

For these reasons, it is

ORDERED that defendants' motion of January 25, 2008, to stay discovery pending a ruling on the motion for summary judgment is granted and all discovery is stayed until the district court rules on the motion for summary judgment. [78] It is further

ORDERED that plaintiff's motion of February 4, 2008, to compel discovery is denied, without prejudice. [84] It is further

ORDERED that plaintiff's motion to amend his complaint is denied. [86] It is further

RECOMMENDED that defendants' motion of October 23, 2007, for summary judgment be granted. [46]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 21st day of February, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge