IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES LINDELL McWHIRT,<br>Register No. 1061089,<br><br>    Plaintiff,<br><br>  v.<br><br>TRACY COWIN,<br><br>    Defendant. | No. 06-4182-CV-C-SOW |

## REPORT AND RECOMMENDATION

  Plaintiff James Lindell McWhirt, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Before this court is remaining defendant Tracy Cowin's motion for summary judgment. Plaintiff has made several responsive filings and defendant has replied.

  In her motion seeking summary judgment, Cowin states that based on McWhirt's request for mental health care, he received a prompt mental health screening by Debra Bobbinger, a mental health professional, at University Behavioral Health in Columbia, Missouri. Defendant states that as a parole officer, she relied on the medical expertise of Ms. Bobbinger, and arranged mental health treatment for plaintiff as directed. Based on the recommendations of Ms. Bobbinger, outpatient medical/mental health treatment services were scheduled for plaintiff, and his request to be taken to Arthur Center at Audrain County Medical Center in Mexico, Missouri, was denied. Defendant states that based on the statements of Ms. Bobbinger, she was not aware plaintiff had a serious medical or mental health condition that would require immediate treatment by a psychiatrist or additional

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

psychotropic medication.[2] Based on the lack of such information indicating plaintiff had a serious mental health condition requiring immediate psychotropic medications, he was not immediately scheduled to be seen by a psychiatrist. Further, defendant asserts that although not immediately seen by a psychiatrist, plaintiff had an appointment scheduled with a psychiatrist for later that same month[3], and had immediate appointments with outpatient drug and medical treatment programs. Defendant asserts plaintiff has failed to come forward with evidence to support defendant was deliberately indifferent to plaintiff's serious mental health condition, or that defendant knowingly denied plaintiff treatment for such condition.

McWhirt asserts that Cowin violated his constitutional rights when she denied his request to go to Arthur Center in Mexico, Missouri, to see a psychiatrist. Plaintiff states that based on his verbal requests, records showing his previous qualification for Social Security disability, and his medical records showing he previously required psychiatric treatment and additional medications, defendant's denial violated his constitutional rights.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not

---

[2]Plaintiff was already on Effexor, an antidepressant medication. See Plaintiff's Notice of Filing Records from University Room at University of Missouri Health Care, Doc. 113-2, Behavioral Health Services Sept. 26, 2005 Final Report.

[3]Plaintiff was arrested prior to his appointment date with the psychiatrist, and thus, did not attend the appointment.

2

significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

Here, McWhirt acknowledges he was seen by a mental health professional at University Behavioral Health for an evaluation the day after he first met with Cowin, his parole officer, and that he promptly had appointments to attend outpatient treatment services with the Phoenix Program and Family Health, as well as an appointment scheduled for September 28, 2005, at Arthur Center, in Mexico, Missouri, as he had requested. The fact that plaintiff personally believed this treatment was insufficient and that he immediately wanted to go to Arthur Center and be seen by the psychiatrist to get additional medications beyond that already prescribed to him and recommended by a mental health professional at University Behavioral Health, fails to show that defendant deliberately ignored plaintiff's serious mental health condition in violation of his constitutional rights.

To succeed on his Eighth Amendment medical claims, a plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. Id. The standard for "deliberate indifference" includes an objective and a subjective component. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a

3

layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (quoting Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); see also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (citing Camberos v. Branstad, 73 F.3d at 176).

A mere difference of opinion between a plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991); Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990); Courtney v. Adams, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). Nothing in the Eighth Amendment prevents doctors from exercising independent medical judgment. Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

Here, Cowin does not argue that McWhirt's mental health care is not a serious medical condition, but does dispute that she was deliberately indifferent to plaintiff's medical/mental health needs. Plaintiff states that defendant was deliberately indifferent to his medical needs because she denied him immediate psychiatric treatment, and he disputes that the mental health care he received was sufficient. Despite his allegations, plaintiff has failed to come forward with evidence from which a jury could find that defendant was deliberately indifferent to his mental health condition, in violation of his constitutional rights.

The evidence shows that Cowin recognized McWhirt had a mental health condition, and ensured that he was scheduled to receive necessary treatment. Upon plaintiff's arrival at Reality House in Boone County, Missouri, he was scheduled for a mental health evaluation, which was conducted on September 8, 2005, by Debra Bobbinger, a mental health professional at University of Behavioral Health. Subsequent to the evaluation, Ms. Bobbinger advised defendant that plaintiff was seeking medication, was aggressive during the evaluation, and wanted to be hospitalized as opposed to returning to Reality House. She further advised defendant that plaintiff did not need hospitalization for mental health treatment, but rather needed substance abuse treatment because he essentially was wanting drugs. Pursuant to the directives of Ms. Bobbinger, defendant denied plaintiff's request to be immediately taken to Arthur Center at Audrain County Medical Center to see a psychiatrist in order to obtain

psychotropic medication. Rather, as directed by Bobbinger, plaintiff was scheduled for outpatient treatment with the Phoenix Program for drug treatment and with Family Health Services. As per the request of McWhirt, however, he was also scheduled for a September 28, 2005 appointment at Arthur Center at Audrian County Medical Center in Mexico, Missouri, which he could attend upon his release from Reality House.[4]

Despite McWhirt's contrary arguments in his opposition to summary judgment, his statements in his deposition support that Cowin was told by Debra Bobbinger that plaintiff did not need psychiatric help and was acting rude and was very upset because he wanted to see a doctor to obtain psychotropic medications. Defendant, who is not a medical or mental health professional, is entitled to rely on the professional opinions of medical and mental health providers. Cambreros v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). In fact, neither prison staff nor probation and parole staff can substitute their judgment for a medical or mental health judgment. See Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002).

McWhirt's argument that he should have been sent to see a psychiatrist immediately because a mental health professional at University Behavioral Health cannot do a proper mental health evaluation is not supported by evidence. The fact that plaintiff wanted to see a doctor (psychiatrist), rather than Debra Bobbinger is not evidence to support a claim that Cowin was deliberately indifferent to plaintiff's mental health. Ms. Bobbinger was a mental health professional on which defendant, as set forth above, was entitled to rely. Plaintiff's preference to see a psychiatrist for an evaluation is nothing more than a disagreement in treatment. The Constitution does not require that an inmate receive a particular course of treatment. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997), Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993) (disagreement with diagnosis or treatment plan fails to state a claim). Neither does the Constitution require that plaintiff see a specific specialist. Id.

Further, McWhirt's argument that at one time he had been determined eligible for Social Security disability and at different times had been prescribed additional psychotropic

---

[4]The terms of McWhirt's parole to Reality House in Columbia, Missouri, restricted him to Boone County, Missouri.

5

medications fails to show that Cowin was not proper in relying on the mental health evaluation made by a mental health professional at University Behavioral Health stating that plaintiff did not require psychiatric treatment at that time.  Finally, the fact that an emergency room doctor subsequently prescribed plaintiff Seroquel and Lithium, based on his self-declared medical emergency and self-reported requirement for prescriptions of Seroquel and Lithium, fails to show that defendant's reliance on the professional opinion of Debra Bobbinger was improper or that defendant's failure to immediately provide for plaintiff to receive his requested psychiatric care and psychotropic medications based on his self diagnosis, constituted deliberate indifference to his health.

To the extent McWhirt is attempting to bring his claims of denial of mental health care under the Fourteenth Amendment Due Process Clause, he has come forward with insufficient evidence to support the claim.

Although McWhirt disputes some factual issues within the case, there are no disputes of material facts.  The facts show that plaintiff received mental health care, just not the kind he preferred.[5]  Based on the material evidence, no reasonable jury could find that Cowin, with deliberate indifference, denied and/or delayed plaintiff mental health care.

Because this court finds there was no violation of McWhirt's constitutional rights, the issue of qualified immunity need not be addressed.  See Saucier v. v. Katz, 533 U.S. 194, 201 (2001).

IT IS, THEREFORE, RECOMMENDED that defendant Cowin's motion for summary judgment be granted, and plaintiff McWhirt's complaint be dismissed for failure to state a claim on which relief may be granted.  [108]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include

---

[5]Evidence shows plaintiff received mental health care; thus any argument that Cowin failed to follow the directive of the Parole Board to provide such care has no merit.

matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 5th day of August, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge