## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| JAMES LINDELL McWHIRT, Register No. 1061089, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 06-4182-CV-C-SOW ) |
| TRACY COWIN, | ) ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff James Lindell McWhirt, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Plaintiff has filed several motions seeking preliminary injunctive relief. Plaintiff cites numerous issues, including denial of access to his legal materials and a lawyer, and various conditions of his confinement. As to his conditions of confinement, plaintiff alleges that he has been denied proper psychiatric care, he is being forced to work in the kitchen despite his allegedly being disabled, he is being denied his property such as his television, Missouri Department of Corrections takes out improper amounts from his inmate account to apply to the instant action's filing fee, and he has been transferred four times in retaliation for his filing of grievances.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980).  See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

Here, with the exception of plaintiff's claim alleging denial of access to his legal materials regarding the instant case, all his requests are unrelated to the claims in this case and/or involve defendants who are not parties.  The pending lawsuit involves only actions allegedly taken by defendant Cowin, plaintiff's former parole officer, while plaintiff was on parole, and has nothing to do with plaintiff's current confinement within the Missouri Department of Corrections.  As set forth in defendant's responses, there is no threat of irreparable harm to plaintiff and no basis for this court to address these separate claims at this time.  If plaintiff wishes to pursue these separate issues, he should follow proper procedure for

2

exhaustion of the grievance procedure within the prison and may subsequently file a separate action if he deems it necessary.

As to plaintiff's allegations of denial of legal materials and access to courts, the facts, as conceded by plaintiff, fail to support a basis for granting any type of preliminary injunctive relief. Plaintiff's claims involve the alleged denial of his legal materials for seven days due to a recent transfer to a new correctional facility, and denial of access to the law library and a lawyer while on a ten-day room restriction.

Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353). See also Entzi v. Redmann, 485 F.3d 998 (8th Cir. 2007).

Plaintiff's claims of denial of legal materials and access to courts do not merit the issuance of a preliminary injunction. Plaintiff has failed to show he has suffered any prejudice in the instant action or any other legal action as a result of the alleged denial. Moreover, plaintiff concedes that as of June 17, 2008, he has had his legal materials and is no longer on room restriction.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motions seeking preliminary injunctive relief be denied. [121, 122, 123]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of August, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4